IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CEDRIC A. MITCHELL                                                                              PLAINTIFF

v.                          Civil No. 6:21-cv-06031

SHERIFF MIKE MCCORMICK,
Garland County, Arkansas;
UNDER SHERIFF JASON LAWRENCE;
and CHIEF STEVEN ELROD                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Cedric Mitchell ("Mitchell"), pursuant to 42 U.S.C. § 1983. Mitchell proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

**I.     DISCUSSION**

When he filed this case, Mitchell was specifically advised (ECF No. 3) that he had an obligation to immediately inform the Court about any change of his address. He was further advised that he had thirty days from the date of his transfer or release to provide the Court with his new address. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On August 16, 2021, Mitchell filed a change of address (ECF No. 20) indicating he had been released from custody. In accordance with the Court's practice, an Order (ECF No. 21) was

entered that day advising Mitchell that he must submit a new IFP application to determine whether he still qualified for IFP status. On September 7, 2021, Mitchell submitted a new IFP application that was not on the Court's approved form and did not contain all the information the Court needed to determine his IFP status. On September 9, 2021, an Order (ECF No. 23) was entered directing Mitchell to submit an IFP application by completing the IFP application sent to him by the Clerk. The completed IFP application was due by September 30, 2021. When the IFP application was not filed, a Show Cause Order (ECF No. 24) was entered on October 6, 2021. Mitchell's response to the Show Cause Order was due by October 27, 2021.

On October 7, 2021, mail sent to Mitchell was returned (ECF No. 27) to the Court as undeliverable. Mitchell had until November 8, 2021, to provide the Court with a new address.

To date, Mitchell has not submitted the completed IFP; he has not responded to the Show Cause Order; and he has not submitted a change of address. The Court has not had a correct address for Mitchell since on or before October 7, 2021, when mail was returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2)

of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of November 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE